# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT AKRON

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 23-50819 |
| | ) | |
| John C. Gordon, | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 13 |
| | ) | |
| Debtors. | ) | BANKRUPTCY JUDGE |
| | ) | ALAN M. KOSCHIK |

## OBJECTION TO CLAIM NO. 4-1 OF BYLINE BANK

Now comes the Debtor, John C. Gordon by and through undersigned counsel, and hereby objects to claim No. 4-1 filed by Creditor, Byline Bank. The Debtor objects to the following:

1.  Claim No. 4-1 is an unsecured claim in the amount of $2,047,395.16 and states that the basis for the claim is "Money Loaned;" however, there is not a note or signed documentation to show the Debtor is the personal guarantor. In addition, the Creditor fails to show that it is the lawful assignee of the claim, simply stating a dollar amount with no supporting documentation of the money loaned is not a sufficient basis to assert a claim. Claim No. 4-1 is hereto attached as Exhibit A.

2.  In the case of In re Williams, 622 B.R. 54, 56-58 (Bankr. N.D. Ill. 2020), the Bankruptcy Court faced with a similar situation commented:

> "A creditor filing a proof of claim must there typically 'provide some kind of factual context for the origin of [a] debtor's liability to it.' (citing authority) When a debt on a note has changed hands, 11 U.S.C. ¶101(49)(A)(i), a putative assignee of such contested claim must offer proof of the underlying transaction evidencing the assignment. FED.R.BANKR.P. 3001(e)(3)-(4)...

3.  The *Williams* court cited Rule 3001(e)(3) as requiring "proof of the underlying transaction evidencing assignment" where a debt on a note has changed hands. Id. at 58. As another bankruptcy court explained:

"Rule 3001(e)(3) has a purpose separate and apart from the establishment of a claim. It is intended to make clear that disputed prepetition claim transfers are not an issue for the court's concern. . . . By demanding the identification of the owner of a claim to ensure that Debtor has an obligation to pay that creditor and, in exchange, will receive a discharge of its debt, Debtor is not seeking to challenge the transfer but merely to confirm that one has taken place." *In re Kincaid*, 388 B.R. 610 (Bankr. E.D. Pa. 2008). By failing to attach documentation demonstrating that it has been assigned the promissory note underlying the mortgage, US Bank has failed to comply with Rule 3001. As a result, its proof of claim does not constitute *prima facie* evidence of its validity. In re Wingerter, 594 F.3d 931, 941 (6th Cir. 2010).

4. The claim at issue in this case stems from a claim arising in the case of Ultimate Jet Charters LLC, 23-51404, pending before this court wherein the Chapter 11 plan having recently been confirmed. Based upon information and belief, the claim is treated as an unsecured claim for a loan originally secured by an aircraft that was sold overseas for parts. The underlying collateral, a Dornier aircraft, for this debt was disposed of related to the Chapter 11 proceeding in Ultimate Jet Charters, LLC, Case No.23-51404, but the claim makes no reference to or provides no explanation how it arises or what happened to the collateral, which was registered under the FAA.

5. Ohio Revised Code section 1303.70 provides in pertinent part:

(E) If the obligation of a party to pay an instrument is secured by an interest in collateral and a person entitled to enforce the instrument impairs the value of the interest in collateral, the obligation of an indorser or accommodation party having a right of recourse against the obligor is discharged to the extent of the impairment.

. . .

(G) Under division (E) or (F) of this section, impairing value of an interest in collateral includes any of the following:

(1) Failure to obtain or maintain perfection or recordation of the interest in collateral;

2

(2) Release of collateral without substitution of collateral of equal value;

6. The Debtor contends that the claim in this case was not filed properly, because it was filed by an assignee, and cannot be amended at this late date because the original lender never filed a claim. Further, even if such claim was properly filed, the claim amount is subject to reduction under R.C. § 1303.70 due to Byline Bank's impairment of collateral.

WHEREFORE, Debtor prays that this Court enter an Order denying claim No.4-1 in the amount of $2,047,395.16.

Submitted by:

/s/ David A. Mucklow
DAVID A. MUCKLOW (#0072875)
919 E. Turkeyfoot Lake Road
Suite B
Akron, OH 44312
(330) 896-8190 phone
(330) 896-8201 fax
davidamucklow@yahoo.com

# NOTICE

John C. Gordon, by and through his attorney has filed an objection to your claim in this bankruptcy case.

**<u>Your claim may be reduced, modified or eliminated.</u> You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then **within 30 days** of the date of service of this Objection or document:

        You or your lawyer must:

File with the court a written request for hearing {or, *if the court requires a written response,* an answer, explaining your position} at:

        Clerk of the U.S. Bankruptcy Court
        Federal Building, U.S. Courthouse
        2 South Main St.
        Akron, OH 44308

If you mail your request/response to the court for filing, you must mail it early enough so the court will **receive it within 30 days from the date this Notice was sent to you or served.**

        You must also mail a copy to:

        David A. Mucklow, Esq.
        Attorney for the Debtor
        919 E. Turkeyfoot Lake Road, Suite B
        Akron, OH 44312

    If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

# AMENDED CERTIFICATE OF SERVICE

I certify that on or about 17th day of January, 2025 that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list:

- Keith Rucinski    efilings@ch13akron.com

- United States Trustee    (Registered address)@usdoj.gov

- Michael P. Harvey    mpharveyco@aol.com

I certify on or about 17th day of January, 2025 that a true and correct copy of the foregoing was sent via U.S. regular or certified mail to the persons listed below.

John C Gordon
860 Mesa Verde Drive
Barberton, OH 44203

Byline Bank
Attn: Corporate Officer
10 N. Martingale Rd.
Schaumburge, IL 60173

**Certified Mail**

Byline Bank
Attn: Corporate Officer
180 N. LaSalle Street, Suite 300
Chicago, IL 60601

/s/ David A. Mucklow
David A. Mucklow, #0072875





Fill in this information to identify the case:

Debtor 1: John C. Gordon

Debtor 2 (Spouse, if filing): ____

United States Bankruptcy Court for the: Northern District of Ohio

Case number: 23-50819

## Official Form 410
# Proof of Claim
04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

1. **Who is the current creditor?**
   Byline Bank
   Name of the current creditor (the person or entity to be paid for this claim)
   
   Other names the creditor used with the debtor ____

2. **Has this claim been acquired from someone else?**
   ☑ No
   ☐ Yes. From whom? ____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)
   
   Where should notices to the creditor be sent?
   Byline Bank
   Name
   10 N. Martingale Road
   Number    Street
   Schaumburg       IL       60173
   City             State    ZIP Code
   
   Contact phone (317) 960-3749
   Contact email cyoung@bylinebank.com
   
   Where should payments to the creditor be sent? (if different)
   ____
   Name
   ____
   Number    Street
   ____
   City      State    ZIP Code
   
   Contact phone ____
   Contact email ____
   
   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

4. **Does this claim amend one already filed?**
   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) ____    Filed on ____
                                                                    MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☑ No
   ☐ Yes. Who made the earlier filing? ____

Official Form 410                       Proof of Claim                       page 1

DocuSign Envelope ID: C956E0C9-EF37-40E9-AC99-C6F0E419DEC4

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $_____2,047,395.16_____. Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned

**9. Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  November 29, 2023
            MM / DD / YYYY

*DocuSigned by:*
*Casey Young*
Signature

Print the name of the person who is completing and signing this claim:

| Name | Casey | | Young |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Vice President, Loan Workout Officer | | |
| Company | Byline Bank | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 10 N. Martingale Road | | |
| | Number  Street | | |
| | Schaumburg | IL | 60173 |
| | City | State | ZIP Code |
| Contact phone | (317) 960-3749 | Email | cyoung@bylinebank.com |

DocuSign Envelope ID: C956E0C9-EF37-40E9-AC99-C6F0E419DEC4

## PROOF OF CLAIM SUMMARY

This Proof of Claim (the "Claim") is filed by Byline Bank ("**Byline**") for amounts owed by John C. Gordon (the "**Debtor**") to Byline relating to money loaned to Ultimate Jetcharters LLC that Debtor personally guaranteed but has not repaid. This Claim is being filed past the required deadline because Byline did not receive notice of the bankruptcy proceeding of the Debtor and was not listed as a creditor. True and correct copies of support documents related to Byline's claim are attached.

Byline's estimated claim of $2,047,395.16 is calculated as follows:

(1) Principal balance of money loaned to Jetcharters LLC which Debtor personally guaranteed ($2,035,942.73)

(2) Interest accrued on the loan ($4,197.41)

(3) Collection expenses ($7,255.02)

Byline hereby reserves the right to amend or supplement the Claim for any purpose, including to add any additional support documents, expenses, damages, and/or claims of whatever nature that it might have against the Debtor.

The filing of this Claim is not: (a) a waiver or release of Byline's rights against any person, entity or property, including without limitation, any other affiliated debtor or other third parties who may have a liability to Byline for services provided or otherwise; (b) a waiver or release of any right or claim of Byline arising out of any other claim, of any nature, whatsoever, which Byline has against the Debtor; (c) a waiver or release of any rights of Byline under any provisions of the Bankruptcy Code of applicable non-bankruptcy law; (d) an election of any remedy to the exclusion, express or implied, of any other remedy; (e) a consent that this Claim is a debt which is subject to discharge in this or any other subsequent bankruptcy proceeding; (f) a ratification or

129908798v2

consent to any obligations or liability based upon or arising out of any transactions between Byline and the Debtor; (g) a waiver or release of any rights of Byline to have any and all final orders in any and all noncore matters entered only after *de novo* review by a United States District Court; (h) in a waiver or release of any rights of Byline to trial by jury in any proceeding as to any and all matters so triable; or (i) a waiver or release of any rights of Byline to have the reference in this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal. All of such rights are hereby expressly reserved by Byline, without exemption and with no purpose of confessing or conceding any of the foregoing in any way by this filing or by any other participation in this case.

129908798v2

DocuSign Envelope ID: C956E0C9-EF37-40E9-AC99-C6F0E419DEC4

Balance as of 6/14/2023 for POC on J. Gordon's Chapter 13, Case #23-50819-amk

| | |
|---|---|
| Principal | $2,035,942.73 |
| Interest ($599.63 x7) | $4,197.41 |
| Collection Exp | $7,255.02 |
| Late Fees | $0.00 |
| Total due | $2,047,395.16 |
| Per diem $599.6269 (rounded) (interest rate 10.75%) | $599.63 |

| | Date | | Description | Rate/Amount | | | Balance |
|---|---|---|---|---|---|---|---|
| | 08/01/2023 08/01/2023 | | 400 - Rate change | 11.000000% | 0.00 | 0.00 | 2,026,018.10 |
| | 07/06/2023 07/06/2023 | | 610 - Regular payment | 27,313.81 | 9,924.63 | 17,389.18 | 2,026,018.10 |
| | 06/07/2023 06/07/2023 | | 610 - Regular payment | 27,313.81 | 7,828.00 | 19,485.81 | 2,035,942.73 |
| | 06/01/2023 06/01/2023 | | 400 - Rate change | 10.750000% | 0.00 | 0.00 | 2,043,770.73 |

129959180v1